In the matter of the assignment of W. ROMAINE VERMILYE for the benefit of his creditors.

A placed $6,000 in the hands of B, to be used in buying and selling securities. B guaranteed that the $6,000 should be returned with all profits that should be made in the business, and that the profits should equal at least seven per cent. per annum on the capital. Within a few months, $3,925 profits were made. They were suffered, however, to remain in the business. Subsequently, B met with losses which swept away all the profits and a large part of the principal.—*Held*, that all that A can recover is $6,000 with seven per cent. per annum on it, less any drafts she may have made upon B after he ceased to make profits, with seven per cent. per annum on the amount of each draft from the date at which it was drawn.

On appeal from the orphans court of Bergen county.

*Mr. R. P. Wortendyke* and *Mr. W. C. Spencer*, for appellant.

*Mr. George R. Dutton*, for respondent.

THE ORDINARY.

The appellant, Eliza Van Dein, having the sum of $6,000, consulted W. Romaine Vermilye, a broker, as to its investment. Mr. Vermilye proposed to her that if she would entrust it to him he would use it in buying and selling stocks for her benefit; and upon her expressing anxiety lest such disposition of the money would be insecure, he agreed to use the money as he proposed, give her all the profits that he should make with it, and at the same time guaranteed the return of the principal, with seven per cent. per annum on it. Acquiescing in this, Mrs. Van Dein delivered the money to him on May 9th, 1879, and he gave her a written receipt covering the guarantee.

On January 1st, 1880, he rendered Mrs. Van Dein a statement by which it appears that up to that time the profits upon his transaction, for her amounted to $3,925, in addition to $200 which before then she had drawn from him. The account was then balanced, and $9,925 was carried to a new account. The guarantee as to the $6,000 with the seven per cent. per annum ·continued. The money was idle till July 13th, 1881, and in the meantime Mrs. Van Dein from time to time drew from the profits amounts aggregating $1,450, so that at the last-mentioned date there remained in Vermilye's hands $6,000 and also $2,475 of the profits reported on January 1st, 1880.

Mr. Vermilye then bought other stocks on the appellant's :account which subsequently fell in price, so that on October ·25th, 1885, they were sold for $4,150. On July 12th, 1886, Mr. Vermilye, being unable to meet his obligations, made an ·assignment for the benefit of his creditors to one John E. Miller. Mrs. Van Dein thereupon presented a claim to the assignee, ·asking that the $9,925 with seven per cent. per annum thereon, less her drafts with allowance for interest thereon, be paid to her. The assignee excepted to this claim, and the orphans court allowed the claimant $2,280.97 on the basis that she was entitled, under the agreement, to $6,000, with seven per cent. per annum from May 9th, 1879, the date of the delivery of the money to Vermilye, to June 12th, 1886, the date of the assignment, or with the profits reported on January 1st, 1880, if such profits were in excess of seven per cent. per annum on the $6,000, and as the $3,925 profits did exceed this per centum, it deducted from the $9,925 Mrs. Van Dein's drafts with interest on each.

The seven per cent. per annum guaranteed for profits was at the time legal interest in New York state, where the agreement was made.

Mr. Vermilye's agreement was legal, and he does not now seek to retreat from it; but he insists that the orphans court properly construed it.

His estate will pay the claim, at whatever it may rightly be, in full. There is nothing to show that he guaranteed the secu-

rity of the $3,925 profits left in the account on January 1st, 1880. I am satisfied that the claimant left those profits in his hands for the purpose of having them used by Vermilye in buying and selling stocks for her at his discretion and consequently at her risk. In his venture of July 13th, 1881, he lost more than those profits, and as there is nothing to show that in making this venture he acted in bad faith or contrary to the scope of his agency, the loss must fall upon the appellant, except so far as she is saved from it by the guarantee.

At the time of his assignment, because of the guarantee, Mr. Vermilye was liable for the $6,000, with seven per cent. per annum thereon from January 1st, 1880, that is, for $8,709, less the $4,150 which was drawn in small amounts subsequent to July 13th, 1881, and the interest on each draft from its date to the date of the assignment. This interest aggregates $714.57, and when it is added to the $4,150 drafts, and the sum thus obtained is deducted from the $8,709, we ascertain the indebtedness to Mrs. Van Dein to be $3,844.43. The order of the orphans court will be reversed, and the claim will be allowed at $3,844.43.